# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY CALCAGNI, | : | CIVIL ACTION |
| --- | --- | --- |
| | : | NO.: 11-6024 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL NO.: 08-743-2 |

## M E M O R A N D U M

STENGEL, J.                                                                                    January 30, 2013

This case is before the court on Anthony Calcagni's Petition for Habeas Corpus under 28 U.S. Code §2255. For the reasons set forth below, I will deny the petition.

### I. Background

Calcagni entered a plea of guilty to one count of conspiracy, three counts of possessing and selling stolen firearms, and one count of dealing in firearms without a license. The plea was entered on May 20, 2009 after a lengthy colloquy. Sentencing took place on September 9, 2011, the third sentencing hearing scheduled in this case. The court took testimony on July 8, 2010 and July 12, 2010, as well as at the hearing on September 9, 2010. After considering the presentence report and the information provided at the sentencing hearings, I imposed a sentence of 72 months imprisonment, supervised release of 3 years, a fine of $500.00 and a special assessment of $500.00.

The court filed a timely appeal on Calcagni's behalf, and he proceeded on appeal represented by court-appointed counsel. On September 2, 2011, the Third Circuit Court of Appeals dismissed his direct appeal on the basis of the appellate waiver contained in the guilty plea agreement entered between Calcagni and the government. See United

States v. Calcagni, 441 Fed. Appx. 916 (3rd Cir. 2011).

On September 23, 2011, Calcagni filed a pro se motion to vacate, set aside or correct his sentence under 28 U.S. Code §2255 raising the ineffective assistance of counsel claim that he had attempted to raise on direct appeal. He has retained counsel, who filed a brief in support of the 2255 petition on July 2, 2012.

**II. Discussion**

This case raises issues of ineffective assistance of counsel at the guilty plea and sentencing stage. In addition, the government contends that Calcagni waived his right to appeal and his right to file any collateral attack on the conviction and sentence.

There is no question that Anthony Calcagni's plea agreement contained a valid and enforceable waiver of the right to appeal and the right to seek collateral review. In the extensive guilty-plea colloquy on May 20, 2009, Anthony Calcagni testified that he was aware that he waived certain rights by pleading guilty in this case. The court carefully reviewed these rights and specifically reviewed the appellate waiver in the plea agreement. The language of the plea agreement is clear:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence or any other matter relating to this prosecution, whether such right to appeal or collateral attack arises under 18 U.S. Code §3742, 28 U.S. Code §1291, 28 U.S. Code §2255, or any other provision of law.

The agreement then goes on to list three standard and narrow circumstances under which a defendant can appeal. None of those apply to this case.

I was satisfied at the guilty-plea colloquy that Anthony Calcagni was competent to enter a plea of guilty and that he fully understood the terms of the plea agreement. I specifically questioned him about the appellate waiver and was satisfied that he understood that he was waiving his appellate rights by entering the plea of guilty. In fact, Calcagni has not claimed that his plea was anything other than knowing and voluntary.

If a waiver is entered knowingly and voluntarily, it must be enforced in the absence of a miscarriage of justice. United States v. Mabry, 536 F.3d 231 (3d Cir. 2008) (finding that "whereas a defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary, a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement bears no miscarriage of justice, based on the record evidence before him").

In this circuit, waivers of appeal are enforceable with our court of appeals noting "there may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." United States v. Khattak, 273 F.3d 557 (3d Cir. 2001). The Third Circuit has identified certain limited circumstances under which a collateral challenge to a sentence could proceed despite a waiver. An appellate waiver may not be enforced if the defendant should have been permitted to withdraw his guilty plea, United States v. Wilson,

429 F.3d 455 (3d Cir. 2005), or if the defendant did not understand the plea agreement itself due to the ineffective assistance of counsel, United States v. Shedrick, 493 F.3d 292 (3d Cir. 2007). If counsel was ineffective in failing to timely file an appeal raising an issue explicitly exempted from the appellate waiver or if the government breached its own obligations under the plea agreement, a collateral challenge can proceed despite the waiver. United States v. Schwartz, 511 F.3d 403 (3d Cir. 2008). None of these narrow exceptions apply to this case.

Calcagni seems to be most concerned that his counsel was ineffective in allowing him to answer certain questions during the guilty-plea colloquy and at sentencing.

Calcagni was asked about the factual basis for his plea at the guilty plea hearing. He was involved with several other young men in the sale of fourteen guns to a confidential informant. The confidential informant was working with a known Latin king gang member named "King Laylow" who was an associate of the confidential informant. The guns had been obtained during the burglary of the home of Toby and Julie Merritt on August 5, 2008. Mr. and Mr. Merritt were the parents of Calcagni's ex-girlfriend. During the discussion of the facts of this case at the guilty plea hearing, it was apparent to the Court that Calcagni was equivocating about the facts of this case. His answers to questions were illusive and he was less than forthcoming. I pressed him

to discuss where the guns came from because his initial response was that he might have known that the guns were stolen. One of the elements of the three counts to which he was pleading was that he had knowledge that the guns he was trafficking were stolen guns. From the circumstances of this case, it was hard to believe that Calcagni did not know that the guns were stolen. In fact, it was hard to believe that he did not participate in the theft of the guns, given that they had come from the home of his ex-girlfriend, and were taken when the Merritt family was out of town.

At the time of the guilty plea, Calcagni may have been facing burglary charges in Lehigh County. This possibility was also fully discussed at the hearing. His decision to answer questions about the burglary of the Merritt household was in no way the result of "ineffective assistance of counsel" or improper questioning by the Court. Because he equivocated, was evasive in his answers, and was reluctant to acknowledge facts necessary to support the charges to which he was pleading, it was entirely appropriate for the Court to ask him questions about his knowledge of the theft of the guns.

At a later hearing, Mr. Albert Rahman, Calcagni's counsel at the guilty plea and sentencing articulated his reasons for not objecting to those questions and his reasons were eminently reasonable. It was clear to Mr. Rahman, it seems, that Calcagni was equivocating and that it was necessary for Calcagni to acknowledge the factual basis for his guilty plea to be valid.

There is, therefore, no merit whatsoever to the claim that Mr. Rahman was

ineffective in his representation of the defendant at the guilty plea hearing or at sentencing. Any difficulties encountered by Calcagni at the guilty plea hearing and the sentencing were the result of Calcagni's reluctance, for whatever reason, to acknowledge the truth of this case and to take full responsibility.

The evidence presented by the government at the sentencing hearing established beyond question that Calcagni was involved in the theft of the guns, that he had full knowledge that these guns were stolen when he participated in trafficking them to a known gang member, and that his answers to questions at the guilty plea hearing were less than completely true. For that reason, I found that Calcagni had obstructed justice and that he did not qualify for the two-level reduction for acceptance of responsibility. These were legitimate findings based on the record of this case.

For Calcagni to prevail on an ineffective assistance of counsel claim, he must prove that the "errors" by his attorney were so serious that his counsel did not perform the function guaranteed by the Sixth Amendment. He must prove actual prejudice by showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Headley, 923 F.2d 1079 (3rd Cir. 1991) quoting Strickland v. Washington, 466 U.S. 668 (1984).

Calcagni is unable to meet the very demanding burden established by Strickland that the result of the proceeding would have been different but for counsel's actions. In

the first place, Mr. Rahman acted appropriately and professionally on behalf of Anthony Calcagni. Mr. Rahman's task was challenging because of Calcagni's duplicitous conduct and his less than candid answers to the Court. It is difficult to imagine what Mr. Rahman could have done differently, and certainly, his representation of Calcagni did not negatively affect the sentence imposed.

There is no basis to conclude that enforcing the appellate waiver in this case would result in a miscarriage of justice. For these reasons, the claims raised by Anthony Calcagni in his 2255 petition are procedurally defaulted. The appellate waiver was valid, was entered with full knowledge of its contents and ramifications, and was part of a plea agreement that Calcagni fully understood. Additionally, Calcagni's claims of ineffective assistance of counsel are unsupported.

### III. Conclusion

For these reasons, the 2255 petition is hereby dismissed because the petitioner has failed to make a substantial showing of the denial of any constitutional right. A certificate of appealability is denied as well.

An appropriate Order follows.